```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
```

---------------------------------x
MCCNY CHARITIES, INC.,
            Petitioner

                                        Docket No.:

   -vs-

                                        PETITION TO QUASH 3rd
                                        PARTY SUMMONS

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE, Revenue Agent Greenidge,
J.P. Morgan Chase,
            Respondents.
---------------------------------x

**PETITIONER MCCNY CHARITIES, INC.** (hereafter "The Charities"), hereby petitions this Court to quash the third party summons issued to J.P. Morgan Chase Bank, by the Internal Revenue Service, related to:

   A. Form 944 for Calendar year ending December 31, 2012; and

   B. Form 941 for quarterly period ending June 30, 2015.

A copy of the summons is annexed hereto as Exhibit 1.

I

**JURISDICTION**

1. This Court has jurisdiction pursuant to the 26 U.S.C. Sections 7605, 7609(b)(2)(A), 7609, and 28 U.S.C. Section 1331 and 1340.

2. Venue is proper in that Petitioner and Respondents are located in Manhattan, New York.

II

PARTIES

3. Petitioner MCCNY Charities, Inc. is a 501(c)(3) corporation organized in and pursuant to the laws of the State of New York, located at 446 W. 36th Street, New York, New York.

4. It was formed in 2010.  [Ex 2, annexed].

5. The Charities are the social service arm of Metropolitan Community Church of New York, a church of the Lesbian, Gay, Bisexual and Transgender community, open to all.  Metropolitan Community Church of New York was established in 1972.

6. The Charities operate an array of essential social services.  Chief among these are a shelter for homeless LGBT young adults, ages 18-24.  The shelter operates 365 days a year with an overnight house parent and associated staff.

7. The Charities provides a hot meal for all shelter residents every night, usually home cooked by the house parent.  The shelter provides a warm, secure facility, breakfast, shower facilities, and washer/dryer facilities.

8. Shelter residents – Lesbian, Gay, Bisexual and Transgender young adults, primarily African-American – are not safe in the generic NYC shelter system.

9. Most shelter residents have been rendered homeless by homophobic families of origin, and many were homeless teenagers who became eligible for the Charities' services upon reaching the age of 18.

10. MCCNY Charities, Inc. works with other LGBT homeless organizations/programs to place youth under the age of 18 years.

11. Shelter staff also work with residents to obtain interim and long-term housing.

12. The Charities also operates a pro-bono medical clinic for LGBT patients, staffed by physicians and medical students from Columbia University, every Wednesday evening.

13. The Charities distributes a bag lunch to anyone in need Tuesday – Friday.

14. In addition to the above, The Charities also operates a food pantry open to the entire community every Thursday morning in which food is distributed to anyone in need, without question. The pantry distributes sufficient food for individuals/families to survive on a weekly basis.

15. Respondent United States of America, Internal Revenue Service (hereafter "IRS"), is a federal governmental agency with offices throughout the United States, and more particularly at 290 Broadway, New York, NY 10007, from which the instant summons issued.

Revenue Agent Greenidge is an employee and agent of the IRS operating from the office located at 290 Broadway, New York, New York.

16. J.P. Morgan Chase is a commercial banking institution with offices located at 340 Cleveland Avenue, 3rd Floor, Westerville, Ohio 43081. Petitioner's branch is located in Manhattan, New York.

III

**PETITION TO QUASH SUMMONS**

17. On or about April 19, 2017, Revenue Agent Greenidge issued a third party summons to J.P. Morgan Chase, a copy of which was mailed to MCCNY Charities, Inc. and received by The Charities on April 25, 2017. [Ex. 1; Declaration of Michael Easterling, annexed].

18. The summons pertains to the following tax periods:

A. 941 for tax period ending June 30, 2015

And  B. 944 for calendar year ending 2012.

19. Notwithstanding that only two tax periods are at issue – to-wit, calendar year 2012, and one quarter of 2015, Respondent seeks sweeping financial records for five calendar years from 2012 through 2017.

20. Additionally, principal tax liability for tax years 2011 and 2013 was paid in full. (A copy of the check by which Petitioner satisfied the principal tax liability for 2013 is annexed hereto as Ex. 3).

21. It is improper for the IRS to seek records from 2012-2017 when only two tax periods are at issue and Petitioner objects based on the standards articulated in United States vs. Powell, 379 U.S. 48 (1964) as well as the fourth amendment to the Constitution of the United States.

22. Of critical significance, Petitioner assets that at no time prior to the issuance of this summons has Revenue Agent Greenidge ever contacted Petitioner (Declaration of Frances Wood) or Petitioner's counsel (Declaration of Theodore Bohn). Ms. Greenidge is aware that a Form 2848 is on file with the IRS, and she could easily have contacted

4

either Petitioner or Petitioner's counsel before issuing the summons.

23. The summons fails to satisfy the fourth criterion set forth in **United States vs. Powell**, 379 U.S. 48 (1964) in which the Court stated:

> [The Commissioner] must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, **and that the administrative steps required by the Code have been followed – in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect."** 379 U.S. 17, 18. (Emphasis supplied).

24. Annexed hereto as Exhibits 4, 5, 6 and 7 are IRM Sections 25.5.1.4 (Factors to Consider before Issuing a Summons), 4.75.10 (Exempt Organizations Examination Procedures Exempt Organizations Pre-Audit Procedures) and 4.75.11 (On-Site Audit Guidelines).

## 25.5.1.4 (09-10-2014)
## Factors to Consider Before Issuing a Summons

1. Attempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a summons. Consent may be obtained voluntarily by acquainting the taxpayer or witness with the provisions of the Internal Revenue Code. See the reverse side of Form 2039, *Summons,* Part A.
2. Consider all relevant circumstances before issuing a summons. Analyze each situation in the light of its particular facts. Weigh the importance of the desired information against the following:
    A. Tax liability involved,
    B. Time and expense of obtaining the records,
    C. Probability of having to institute court action,
    D. Adverse effect on voluntary compliance by others if the enforcement efforts are not successful,
    E. The status of the case with respect to any pending criminal investigations.

25. IRM 25.5.1.4(a), titled "Factors to Consider Before Issuing a Summons" provides in pertinent part:

> **1. Attempt to obtain information voluntarily from taxpayers and witnesses prior to issuing a summons.**

26. IRM Section 4.75.10 consists of 6 subsections. IRM Section 4.75.10 consists of 21 subsections.

27. Respondent followed none of these procedures prior to the issuance of the third party summons which gives rise to the instant Petition.

28. Moreover, the fourth element of *Powell* clearly holds that a summons may issue only after (and "*in particular) the Secretary or his delegate, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.*" The Court was careful to preface the fourth element with the words "in particular." This prerequisite to the issuance of a third party summons requires that only after an initial investigation has occurred and information obtained by the IRS is left wanting – is the issuance of a third-party summons warranted.

29. Here there has been no investigation, no request for records made by Respondent to the Petitioner, no correspondence from Respondent IRS to Petitioner, no on-site visit, no telephonic communication – in short, not even an elementary attempt to conduct an investigation. Instead, Respondent has improperly caused process to issue prematurely and without basis.

30. Accordingly, Respondent has failed to satisfy the fourth Requirement of *Powell*.

31. The circumstances of the issuance of this summons, bereft of compliance with the IRM and the requirements of *Powell,* also raises the question whether the summons was issued in good faith, as *Powell* also requires.

### Overbreadth

32. Additionally, the summons suffers from overbreadth in that only two discrete periods are the subject of the summons (to-wit, calendar year 2012 and the quarter ending June 30, 2015). Yet the summons seeks bank records for five years (2012-2017).

33. This is improper. Petitioner asserts a privacy interest in all records not essential to an investigation of the specific tax periods at issue in the caption of the summons.

WHEREFORE, Petitioner prays that this Court order Respondents United States of America/Internal Revenue Service to appear and show cause why the Summons should not be quashed, together with such other and further relief as to the Court may appear just and proper.

Dated: May 11, 2017

THEODORE BOHN (TRB-3733)
Attorney for Petitioner
   MCCNY Charities, Inc.
501 Fifth Avenue
Suite 1900
New York, NY 10017
(212) 787-0319
trbohn@yahoo.com